## APPEAL IN APPROPRIATION PROCEEDINGS BEGUN IN THE COURT OF INSOLVENCY.

Circuit Court of Cuyahoga County.

FRANK SEITHER v. THE CITY OF CLEVELAND.

Decided, November 22, 1909.

*Jurisdiction on Appeal—Appropriation Proceedings by a Municipality— Proceeding "Begun" by Passage of Declaratory Resolution by Council—Right of Appeal and to Prosecute Error Indistinguishable— Construction of Section 1536-114 as Amended, 100 O. L., 100.*

The effect of the act of March 22, 1909, amending Section 1536-114, Revised Statutes, was to deprive the common pleas court of jurisdiction on appeal to retry appropriation proceedings begun by a municipal corporation before that date in the insolvency court, but not carried to judgment until after the passage of said act.

*Smith, Taft & Arter,* for plaintiff in error.

*Newton D. Baker,* City Solicitor, and *W. D. Wilkin,* Assistant City Solicitor, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Error to the court of common pleas.

This is a proceeding to review the judgment of the common pleas court dismissing, for want of jurisdiction, an appeal to said court from the judgment of the Insolvency Court of Cuyahoga county, in an action to assess compensation for lands sought to be appropriated by the city of Cleveland for park and boulevard purposes.

Previous to March 22, 1909, such appeals were provided for by Section 1536-114 of the Revised Statutes. On said date an act of the General Assembly (100 O. L., 100), became effective, which abolishes such appeals and provides in lieu thereof a review of the judgments of the insolvency court in such proceed-

ings by petition in error to the circuit court. This act contains no provision with regard to its application to pending actions or proceedings or causes thereof, as mentioned in Section 79 Revised Statutes.

The important dates to be considered in this case are the following:

October 12, 1908, resolution passed by the city council declaring its intention to appropriate the lands of plaintiff in error and others.

March 22, 1909 (the very day the law referred to took effect), ordinance passed by city council directing said appropriation to proceed.

March 30, 1909. Application to assess compensation filed in insolvency court.

May 20, 1909. Verdict and judgment in insolvency court as to compensation awarded plaintiff in error.

June 4, 1909. Appeal to common pleas court perfected by filing transcript in said court.

It will be noticed that the proceedings in the insolvency court were not commenced until after the law was amended, but on the theory that said proceedings were but a part of the original proceedings to appropriate, begun by the city council by the passage of its declaratory resolution on October 12, 1908, we shall treat this matter as if the proceedings instituted in the insolvency court antedated the change in the law.

This change in the law affected only the remedy in such matters—the right to have a judgment of the insolvency court reviewed, either by appeal to the common pleas court under the former law, or by petition in error to the circuit court, under the later law.

This question is determined by the date of the judgment sought to be reviewed, for, under the decision of the Supreme Court in the case of *Gompf et al* v. *Wolfinger et al*, 67 Ohio St., 144, the review of judgments rendered before the amendment is governed by the former law, but the review of judgments rendered after the amendment in cases pending at the time the law was changed, is governed by the amendment.

Before reading the syllabus of that case, let us consider what

the court says on page 147 as to the nature of the right to review a judgment:

"That a resort by petition in error to a court of superior jurisdiction for the reversal of the judgment of a court of inferior jurisdiction is a proceeding in contemplation of the general section (Section 79, Revised Statutes) was determined in *Insurance Co.* v. *Myers et al*, 59 Ohio St., 333. * * * That decision may be cited as full authority for the conclusion that the judgment * * * whose reversal is sought * * * is a cause of proceeding within the meaning of Section 79."

The syllabus of the *Gompf* case is as follows:

"1. The act of May 12, 1902, to amend Section 6710, Revised Statutes, not being by its terms applicable to causes of proceeding then existing, did not take from this court jurisdiction to review such judgments which the circuit court had previously rendered as were subject to review at the time of their rendition.

"2. The effect of that act was to deprive this court of jurisdiction to review a judgment of the circuit court rendered after its passage and not coming within its term. *Slingluff et al* v. *Weaver et al*, 66 Ohio St., 621, approved and followed."

The second paragraph of the syllabus is decisive of this case, for here the law was amended on March 22, 1909, and the judgment sought to be reviewed was not rendered until May 20, 1909.

If it be suggested that there is some difference between the right to appeal from a judgment and the right to review it on error, we find that matter also disposed of on page 151 of the case last cited, where Judge Shauck says:

"It is necessary to observe that, with respect to the present question, it is not practicable to distinguish between an appeal with a view to a trial *de novo* and a proceeding in error to review a judgment of an inferior court for error appearing upon its record. They are alike resorts to a jurisdiction which Sections 2 and 6 of Article IV of our Constitution denominate appellate, and they are equally effective to destroy the final character of the judgment rendered, by requiring the parties to bear the burden of a retrial upon questions of fact or of law, or both."

Judgment affirmed.